Herbert, J.
The sole error assigned in this court by the plaintiffs is that the Court of Appeals erred in holding “that the Hamilton County District Board of Health has the right, power and duty to enact reasonable rules and regulations to provide for licensing and registration of plumbers.” (Paragraph two of the finding of the Court of Common Pleas.) The constitutionality of the applicable statutes is, therefore, not in issue, but only the power of a general district board of health as fixed thereunder. The briefs would appear to complicate this issue much more than the pertinent facts and applicable law would indicate. There is no dispute as to the principles of law enunciated in paragraphs six and seven of the syllabus in the case of Matz, Admr., v. J. L. Curtis Cartage Co., 132 Ohio St., 271, 7 N. E. (2d), 220, and nothing would be gained by re-quoting them here. Their applicability to the instant case, however, remains to be determined.
In Weber v. Board of Health, 148 Ohio St., 389, 74 N. E. (2d), 331, this court reversed the judgment of the Court of Appeals for Butler County in a case involving a resolution of the Board of Health of the Butler County Health District seeking to regulate the transportation and delivery of garbage for the purpose of feeding it to swine or other animals within the territory under the jurisdiction of the board.
Paragraphs one and two of the syllabus in the Weber case are as follows:
“1. Section 1261-42, General Code, which provides that ‘the board of health of a general health district may make such orders and regulations as it deems necessary for its own government, for the public health, the prevention or restriction of disease, and the prevention, abatement or suppression of nuisances * * V but does not provide specific standards for guidance, is a valid and constitutional enactment.
“2. Where a law relates to a police regulation for the protection of public health, and it is impossible or impractical to *131 provide specific standards, and to do so would defeat the legislative object sought to be accomplished, such law is valid and constitutional without providing such standards. (Paragraph seven of the syllabus in Matz, Admr., v. J. L. Curtis Cartage Co., 132 Ohio St., 271, approved and followed.)”
Although three members of the court dissented from the judgment, it would appear from the dissenting opinion (although not so noted) that they concurred in the above-quoted paragraphs of the syllabus in that case. Their dissent seems to be directed, therefore, at paragraphs three and four of the syllabus which are as follows:
”3. Under the provisions of Section 1261-42, General Code, the board of health of a general health district has a Avide latitude in making and enforcing rules and regulations for the public health, the prevention or restriction of disease, and the prevention, abatement, or suppression of nuisance, but when such board passes a resolution which prohibits a business not unlawful in itself and which is susceptible to regulations which will prevent it from becoming either a health menace or a nuisance, such board transcends its administrative rule-making power and exercises legislative functions in violation of Section 1 of Article II of the Constitution of Ohio.
“4. A resolution of the Board of Health of the Butler County Health District, which makes it unlawful to transport, deliver or deposit collected garbage for the purpose of feeding the same in whole or in part to swine or other animals into or within the territory under the jurisdiction of such board, but authorizes the health commissioner, without any standards for his guidance, to approve a system of collection and disposal of garbage and provides that after such approval the continuance of such system of collection and disposal shall not constitute a violation of the provisions of the prohibitory regulations, is an attempted delegation of legislative power and is violative of the equal-protection guaranties of the state and federal Constitutions. ’ ’
We do not find where the question as to the poAver to license plumbers raised in the instant case has been considered or passed upon by any court of record in the state except as cited herein or in cited opinions of the Attorney General. That office *132 lias during recent years issued several opinions on the question of the power of boards of health with respect to plumbing regulations, which seem to be somewhat in conflict. The plaintiffs here cite the informal opinion of the Attorney General No. 437, dated October 19, 1948, which concludes that “the power to license and register plumbers rests in municipal corporations. There is no provision in law for a general district board of health to establish a licensing board for the examination of plumbers nor to provide for the registration of said plumbers.”
The prosecuting attorney representing the defendant relies upon Opinions of Attorney General (1952), 586, No. 1729, and ibid. (1953), 264, No. 2760. The 1952 opinion, it may be noted, was rendered in response to a request from defendant’s counsel here and involved the provisions of the 1951 regulations of the defendant here pertaining to plumbing. In the 1952 opinion, the Attorney General referred to and reviewed the above-mentioned informal opinion of 1948. With reference thereto, the writer of the 1952 opinion said:
“It is quite plain that the writer of this opinion gave no consideration to the possibility that such boards may possess implied powers incident to the powers expressly conferred on them, but rather appeared to prefer the strictest sort of interpretation of the powers of such boards.”
He then quoted from Sections 3709.36, 3709.21, 3709.20 and 3707.01 of the Revised Code (Sections 1261-30,1261-42, 4413 and 4420, General Code), and then stated:
“From an examination of these sections it would appear to be the intent of the General Assembly that the board of health of a general health district, in addition to the powers conferred by the provisions of Section 1261-42, General Code, supra, should have all of the powers granted to city boards of health under the provisions of Section 4413, General Code. The problem at this point is, therefore, to ascertain whether these statutes, by implication, grant to the boards of such general health district the power to adopt and enforce a regulation such as that described in your inquiry.”
After reviewing certain cases, two of which are unreported and none of which are squarely in point on the issue here (indicating the paucity of authoritative decisions in this specific area), the writer stated:
*133 “From all of the foregoing, it will be apparent that while the law is not fully settled in Ohio on the point, there is some considerable authority for the proposition that boards of health may, as an incident to the regulation of an occupation which directly affects the public health, prescribe a licensing system therefor.”
One of the three cases reviewed in that opinion, however, is the case of Heilman’s Restaurant, Jnc., v. Lefever (1950), an unreported decision, No. 1209, by the Court of Appeals for Lorain County. There the court held invalid a regulation of the Board of Health of the City of Lorain prescribing a licensing system for restaurants, on the ground that a system of licensing restaurants was already established under the provisions of what is now Section 3731.03, Revised Code.
Following the 1952 opinion of the Attorney General, the case of McGcnven v. Shaffer, 65 Ohio Law A.bs., 138, 111 N. E. (2d), 615, arose in Summit County. In that decision, the Common Pleas Court, citing and quoting from the 1952 opinion of the Attorney General, stated (page 144):
‘ ‘ This court is of the opinion that while the statutes do not expressly give the defendant board the right to license master plumbers and register journeymen for a fee, by reason of the power given the board by statute there is an implied authority to so license and register, as well as the fact that it constitutes a proper and inherent exercise of police power.”
Note also the following statement of the trial court (page 143) :
“By these statutes [referring to Sections 3707.01, 3709.21 and 3709.36, Revised Code (Sections 4420, 1261-42 and 1261-30, General Code )] then the general health districts of Ohio are given the same rights as those given to the municipal boards of health, along with the right to make such other rules and regulations as they deem necessary.” (Emphasis added.)
Following that Summit County case, Opinion of Attorney General (1953), No. 2760 was issued, which held (page 264):
“* * * the board of health of a general health district, under the provisions of Sections 1261-3 and 1261-42, General Code, is given by implication the power to require a license of persons who engage in the occupation of plumbing in such district.”
*134 That opinion relies upon Weber v. Board of Health, supra, and also cites McGowen v. Shaffer, supra.
The very next-Attorney General opinion in the 1953 volume (No. 2761) expressly states that county commissioners do not have authority under the provisions of Section 307.37, Revised Code (Section 2480, General Code), to adopt and enforce plumbing regulations. This ruling is in accord with Opinions of Attorney General (1950), 473, No. 1983.
This brings us, therefore, to a consideration of the pertinent statutes. Section 3707.01, Revised Code (Sections 4420 and 4421, General Code), which prescribes the powers of a board of health, provides, so far as pertinent here:
“The board of health of a city or general health district shall abate and remove all nuisances within its jurisdiction. * * * Except in cities having a building department, or otherwise exercising the power to regulate the erection of buildings, the board may regulate the location, construction, and repair of water closets, privies, cesspools, sinks, plumbing, and drains. In cities having such departments or exercising such power, the legislative authority, by ordinance, shall prescribe such rules and regulations as are approved by the board and shall provide for their enforcement. * * *
“When a building, erection, excavation, premises, business, pursuit, matter, or thing, or the sewerage, drainage, plumbing, or ventilation thereof is, in the opinion of the board, in a condition dangerous to life or health, and when a building or structure is occupied or rented for living or business purposes and sanitary plumbing and sewerage are feasible and necessary, but neglected or refused, the board may declare it a public nuisance and order it to be removed, abated, suspended, altered, or otherwise improved or purified by the owner, agent, or other person having control thereof or responsible for such condition, and may prosecute him for the refusal or neglect to obey such order.
Section 3709.36, Revised Code (Section 1261-30, General Code), prescribing for the transfer of powers and duties, provides :
“The board of health of a city or general health district hereby created shall exercise all the powers and perform all the *135 duties formerly conferred and imposed by law upon the board of health of a municipal corporation, and all such powers, duties, procedure, and penalties for violation of the sanitary regulations of a board of health of a municipal corporation are transferred to the board of health of a city or general health district by Sections 2923.18, 3701.10, 3701.29, 3707.08, 3707.14, 3707.16, 3707.47, and 3709.01 to 3709.36, inclusive, of the Revised Code.”
Section 3709.20, Revised Code, relates to orders and regulations of a board of health of a city health district and is, so far as the issue here is concerned, identical with Section 3709.21, Revised Code, relating to orders and regulations of a board of a general health district. The pertinent portion of the latter section provides as follows:
‘ ‘ The board of health of a general health district may make such orders and regulations as are necessary for its own government, for the public health, the prevention or restriction of disease, and the prevention, abatement, or suppression of nuisances. Such board may require that no human, animal, or household wastes from sanitary installations within the district be discharged into a storm sewer, open ditch, or watercourse without a permit therefor having been secured from the board under such terms as the board requires. [The preceding sentence is omitted from Section 3709.20.] All orders and regulations not for the government of the board, but intended for the general public, shall be adopted, recorded, and certified as are ordinances of municipal corporations and the record thereof shall be given in all courts the same effect as is given such ordinances * #
Nowhere in these sections quoted is there a specific provision by the Legislature for the licensing of plumbers.
Section 715.27, Revised Code (Section 3637, General Code), provides:
“Any municipal corporation may:
“(A) Regulate the erection of fences, billboards, signs, and other structures, within such municipal corporations, and provide for the removal and repair of insecure billboards, signs, and other structures;
“(B) Regulate the construction and repair of wires, poles, *136 plants, and all equipment to be used for the generation and application of electricity;
“(C) Provide for the licensing of house movers, electrical contractors, plumbers, sewer tappers, and vault cleaners.”
The above provisions for the regulation of certain activities and the licensing of plumbers (among others) have been in the law in substantially this same form since it was passed as part of a very comprehensive law governing municipalities in 1902. So, ever since that time, the General Assembly has expressly empowered municipalities through their legislative bodies to provide for the licensing of plumbers, but a search of the statutes discloses no similar provision relative to any other subdivision of government.
The case of State v. Gardner (1898), 58 Ohio St., 599, 51 N. E., 136, 65 Am. St. Rep., 785, 41 L. R. A., 689, has been cited by the defendant. Paragraph two of the syllabus there is:
‘ ‘ The business of plumbing is one which is so nearly related to the public health that it may, with propriety, be regulated by law, and reasonable regulations, tending to protect the public against the dangers of careless and inefficient work, and appropriate to that end, do not infringe any constitutional right of the citizen pursuing such calling.”
In that case the court had under consideration part of “an act to promote the public health and regulate the sanitary construction of house drainage and plumbing,” passed in 1896 (92 Ohio Laws, 263). That act required the securing of a license to be issued by a board of examiners, established therein, upon the satisfactory passing of an examination conducted by such board. Provision was made that the members of the examining board were to be appointed by the board of health. The question of delegated power, in issue in the Mats case, was not raised in the Gardner case, the statute being held to be invalid in paragraph four of the syllabus for the reason that it did not “operate equally upon all of a class pursuing the calling under like circumstances.” It is, therefore, not now applicable.
An examination of the provisions of Chapter 3703, Revised Code, which fixes the duties of the state Department of Health with reference to plumbing, does not shed any light on a so-called implied power which is relied upon in the Attorney Gen *137 eral’s opinions referred to and in McGowen v. Shaffer, supra. Certainly, there is no specific power to be noted in the sections of that chapter, nor can the prohibition contained in Section 3703.01, Revised Code, that “the department shall not exercise any authority in municipal corporations or other political subdivisions in which ordinances have been passed or resolutions or regulations have been adopted and are being enforced by the proper authorities regulating plumbing or prescribing the character thereof,” be extended to imply a power of licensing in the state Department of Health outside municipalities.
Note, also, Section 3703.03, Revised Code, which provides in part:
“In the administration of Sections 3703.01 to 3703.09, inclusive, of the Revised Code, the Department of Health may make and enforce rules and regulations governing plumbing and register those persons engaged in or at the plumbing business.” (Emphasis added.)
In short, the Legislature has not prescribed for either statewide or local licensing of plumbers since 1902 when it vested the power in municipalities, not in city boards of health, to provide for such licensing.
Let us look again at the following language of Section 3707.01, Revised Code, supra:
“In cities having such departments or exercising such power, the legislative authority, by ordinance, shall prescribe such rules and regulations as are approved by the board and shall provide for their enforcement.”
Although not an issue here, can it be argued that the Legislature thereby made a city council simply a rubber stamp for a city health board? We think not. We are inclined more to the reasoning in the case of Brunner v. Rhodes, Mayor (1953), 95 Ohio App., 259, 119 N. E. (2d), 105, the first paragraph of the syllabus of which states:
“A city board of health is a creature of statute and has such powers only as are expressly conferred on it together with such powers as are necessarily implied in order to effectuate such expressly granted powers.”
In the case of State, ex rel. Foster, v. Evatt, Tax Commr., 144 Ohio St., 65, 56 N. E. (2d), 265, this court had before it *138 certain provisions of the Sales Tax Act. Paragraphs eight and nine of the syllabus in that case state:
“8. There is no authority under any rule of statutory construction to add to, enlarge, supply, expand, extend or improve the provisions of the statute to meet a situation not provided for.
‘ ‘ 9. The General Assembly cannot delegate legislative power to an administrative body and any enactment which in terms does so is unconstitutional and void. (Matz v. The J. L. Curtis Cartage Co., 132 Ohio St., 271, approved and followed.)”
Here we have a situation where we must either imply in general boards of health the power to license as a necessary corollary to their power to regulate, or the contrary. The Legislature has not in 55 years seen fit to authorize any subdivision of government except a municipality to license plumbers. It has not even authorized the state Department of Health to do more than “make and enforce rules and regulations governing plumbing and register those persons engaged in or at the plumbing business.”
Legislative policy is, of course, not a question for the courts to pass upon, but, in the light of the applicable statutes and the decisions cited herein, we are impelled to the conclusion that there is neither expressed nor implied power in a board of health of a general health district to enact rules and regulations providing for the licensing of plumbers within such general health district. We can find no such authority in the language of Section 3707.01 (relating to powers of boards of health of both city and general health districts) or Section 3709.21 (relating only to hoards of health of general health districts). Section 3709.36, Revised Code, extending to boards of health of both city and general health districts all the duties formerly imposed upon the board of health of a municipal corporation, cannot extend a licensing power which is not expressly or impliedly set forth in either Section 3707.01 or 3709.20, Revised Code. Section 3709.20 is the revision of Section 4413, General Code, as it was amended in 1919.
Both courts below held that a board of health of a general health district has the power to enact reasonable rules and regulations to provide for registration of plumbers. It might *139 be cogently argued that this power is implied in the general authority of Section 3709.21, Revised Code. On the other hand, as noted above, the Legislature expressly granted the power to the state Department of Health in Section 3703.03, Revised Code. Upon the pleadings and the facts in this case the question does not arise as an issue and is, therefore, not considered or determined here.
Holding as we do that a board of health of a general health district has neither expressed nor implied power under Sections 3707.01, 3709.21 and 3709.36, Revised Code, to enact rules and regulations for the licensing of plumbers in such general health district, the judgment of ■ the Court of Appeals, affh’ming the declaratory judgment of the Court of Common Pleas that “the Hamilton County District Board of Health has the right, power and duty to enact reasonable rules and regulations to provide for the licensing and registration of plumbers,” is reversed.

Judgment reversed.

Stewart, Bell, Taet and Matthias, JJ., concur.
Weygandt, C. J., and Zimmerman, J., dissent for the reason that in their opinion a board of health of a general health district has implied authority under the pertinent statutes to adopt rules and regulations to provide for the licensing of plumbers in such health districts.